# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Rebecca Taufen, | Civil No. 12-2050 (DWF/JJG) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Messerli & Kramer, P.A., | |
| Defendant. | |

Thomas J. Lyons, Jr., Esq., Consumer Justice Center P.A., counsel for Plaintiff.

Derrick N. Weber, Esq., and Jennifer M. Zwilling, Esq., Messerli & Kramer, P.A., counsel for Defendant.

# INTRODUCTION

This matter is before the Court on a Motion to Dismiss Plaintiff's Complaint brought by Defendant Messerli & Kramer, P.A. ("Defendant"). (Doc. No. 2.) On the date of the hearing on this matter, the parties filed a Stipulation and Joint Motion for Amendment to Complaint. (Doc. No. 12.) The Stipulation was approved by the Court. (Doc. No. 14.) Plaintiff Rebecca Taufen ("Plaintiff") filed her Amended Complaint on January 8, 2013. (Doc. No. 15.) For the reasons set forth below, the Court grants in part and denies in part the motion to dismiss.

## BACKGROUND

Plaintiff incurred a consumer debt with Capital One Bank ("Capital One"). (Doc. No. 15, Am. Compl. ¶ 6.) Plaintiff retained a debt consolidation law firm, Macey, Aleman, Hyslip & Searns ("MAHS law firm"), to represent her with respect to Capital One's claim for the alleged debt. (*Id.* ¶ 7.) The MAHS law firm sent Capital One letters of representation on June 10, 2011 and July 27, 2011. (*Id.* ¶ 10.) At some point prior to January 17, 2012, Capital One transferred or assigned the alleged debt to Defendant for collection. (*Id.* ¶ 8.) Plaintiff alleges, upon information and belief, that Capital One provided Defendant with all account information related to Plaintiff's Capital One account, including the fact that Plaintiff was represented by MAHS and MAHS's contact information. (*Id.* ¶ 9.)

On January 17, 2012, Defendant sent a collection letter to Plaintiff. (*Id.* ¶ 11.) On February 2, 2012, Plaintiff sent Defendant a letter advising, in part, that if "any action is taken which could be considered detrimental to any of my credit reports, I will consult with my legal counsel for suit." (*Id.* ¶ 12; Doc. No. 5, Ex. 1.) On February 7, 2012, Defendant sent another letter to Plaintiff. (Am. Compl. ¶ 13.) At some point during roughly the same time frame, Defendant also attempted to collect the alleged debt via telephone. (*Id.* ¶ 15.) Plaintiff alleges that she attempted to advise Defendant's collection agent that she was represented by an attorney while on the phone, but that the agent cut her off, said "I don't want to hear about your attorney," and continued to demand payment. (*Id.* ¶¶ 16-17.)

In her Amended Complaint, Plaintiff alleges a single count for violations of the Fair Debt Collection Practices Act ("FDCPA"). In particular, Plaintiff alleges that Defendant violated the FDCPA by continuing to communicate with her directly after learning she was represented by legal counsel.[1]

## DISCUSSION

**I.      Legal Standard**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker,* 793 F.2d 185, 187 (8th Cir.1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens,* 183 F.3d 799, 805 (8th Cir.1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir.1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits

---

[1] Plaintiff's original Complaint asserted additional FDCPA violations under sections 1692g and 1692d. (Doc. No. 1.) Defendant moved to dismiss the original Complaint. (Doc. No. 2.) The parties fully briefed that motion. On January 4, 2013, the day of the hearing on the motion, the parties filed a Stipulation and Joint Motion for Amendment to Complaint, wherein the parties agreed that Plaintiff would be allowed to amend her Complaint to add additional factual allegations, and also to remove all claims under sections 1692g and 1692d. (Doc. No. 12.) The motion was granted, and Plaintiff filed her Amended Complaint. (Doc. Nos. 14 & 15.) While Defendant originally moved to dismiss Plaintiff's initially asserted claims under sections 1692g and 1692d, those claims are no longer before the Court, and the Court expresses no opinion as to their merit or lack thereof. Even if the Court were to consider the merits of these claims, and find that they were lacking, the Court would dismiss the claims without prejudice.

3

attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly. Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (citing *Twombly,* 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly,* 550 U.S. at 556.

## II. Motion to Dismiss

In her Amended Complaint, Plaintiff alleges violations of sections 1692c(a)(2) and 1692f. Defendant moves to dismiss both claims, arguing that they fail to state a claim upon which relief can be granted.

### A. Section 1692c(a)(2)

Plaintiff alleges that Defendant violated section 1692c(a)(2) by communicating with Plaintiff after knowing that she was represented by an attorney. Defendant argues that this claim must be dismissed because: (1) Defendant did not have actual knowledge of Plaintiff's representation prior to its January 17, 2012 letter to Plaintiff; (2) Defendant was not required to investigate the identity of or communicate with Plaintiff's counsel;

4

and (3) Plaintiff's unsuccessful attempt to advise Defendant's agent of representation does not support a claim under section 1692c(a)(2).

Section 1692c(a)(2) provides in part:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer . . . .

15 U.S.C. §1692c(a)(2).[2]

Plaintiff alleges that she retained the MAHS law firm to represent her with respect to Capital One's claim for the alleged debt, the MAHS law firm sent Capital One two letters of representation in June and July of 2011, and, upon information and belief, Capital One provided Defendant with this information. (Am. Compl. ¶¶ 7, 9, 10.) In addition, Plaintiff alleges that she personally notified Defendant that she was represented by counsel in a letter dated February 2, 2012, and attempted to advise Defendant that she was represented by counsel during a telephone conversation with Defendant's agent. Moreover, Plaintiff alleges that, despite knowing that Plaintiff was represented, Defendant contacted Plaintiff directly on at least three occasions—when Defendant sent debt collection letters directly to Plaintiff on January 17, 2012 and February 7, 2012, and again when Defendant's agent contacted Plaintiff by telephone. With respect to the

---

[2] There is no dispute that Defendant is a "debt collector" under the FDCPA.

telephone communication, Plaintiff alleges that when she attempted to explain that she was represented by an attorney, a male collection agent stated "I don't want to hear about your attorney," and continued to demand payment. (*Id.* ¶¶ 16-17.)

Defendant argues that these allegations are insufficient because Capital One's knowledge is not imputed to Defendant. *See Schmitt v. FMA Alliance*, 398 F.3d 995, 997-98 (8th Cir. 2005) (holding that a plaintiff must plead actual knowledge of representation under the FDCPA). Defendant also argues that Plaintiff lacks a factual basis to plead that Capital One notified Defendant that Plaintiff was represented by counsel. The Court agrees that, ultimately, Plaintiff will have to demonstrate Defendant's actual knowledge of representation to prevail on her FDCPA claim. However, at this early stage in the litigation, and viewing the alleged facts and all reasonable inferences in the light most favorable to Plaintiff, it is reasonable to infer that Defendant had knowledge of Plaintiff's representation when Capital One provided Defendant with Plaintiff's account information. Discovery will reveal whether or not there was actual knowledge. Thus, the Court concludes that Plaintiff has plausibly alleged a violation of section 1692c(a)(2), and Defendant's motion to dismiss is, therefore, denied with respect to that claim.

**B.      Section 1692f**

Section 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. For example, a debt collector violates section 1692f if it collects "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount

is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). However, because section 1692f was enacted to "catch conduct not otherwise covered by the FDCPA," alleged violations of section 1692f fail when they are premised on conduct addressed by other specific FDCPA provisions. *See Baker v. Allstate Fin. Servs., Inc.*, 554 F. Supp. 2d 945, 953 (D. Minn. 2008). Here, the allegations supporting Plaintiff's section 1692f claim appear to be the same allegations that support her claim under section 1692c(a)(2). To the extent that Plaintiff asserts that the allegation that Defendant's agent cut off Plaintiff and talked over her on the phone when she attempted to advise that she was represented by an attorney, those allegations are insufficient to state an independent cause of action under section 1692c(a)(2).[3] Accordingly, this claim is dismissed without prejudice.

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. No. [2]) is **GRANTED IN PART and DENIED IN PART** as follows:

1. Defendant's motion is **GRANTED** with respect to Plaintiff's claim under section 1692f, as asserted in her Amended Complaint (Doc. No. [15]). Plaintiff's claim under section 1692f is **DISMISSED WITHOUT PREJUDICE**.

---

[3] In her opposition to the motion to dismiss the original Complaint, Plaintiff appears to concede this point, asserting that her section 1692f claim, along with her originally pled claims under sections 1692d and 1692g, should be dismissed without prejudice. (Doc. No. 8 at 15.)

2. Defendant's motion is **DENIED** with respect to Plaintiff's claim under section 1692c(a)(2), as asserted in her Amended Complaint (Doc. No. [15]).

Dated: March 14, 2013
                                             s/Donovan W. Frank
                                             DONOVAN W. FRANK
                                             United States District Judge