UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 12-CV-2050 (DWF/JJG)

| | |
|---|---|
| Rebecca Taufen, | |
| Plaintiff, | MEMORANDUM OF DEFENDANT IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| Messerli & Kramer, P.A., | |
| Defendant. | |

## INTRODUCTION

Defendant Messerli & Kramer, P.A. (Messerli) submits this Memorandum in support of its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.  Plaintiff Rebecca Taufen (Plaintiff) alleges that Messerli violated the Fair Debt Collection Practices Act (FDCPA) by communicating with Plaintiff after notice that she was represented by an attorney and by using unfair or unconscionable methods to collect a debt.  Because no genuine issues of material fact exist as to whether Messerli knowingly contacted a represented or employed unfair or unconscionable debt collection methods, Messerli is entitled to judgment as a matter of law.

## STATEMENT OF FACTS

**I.   Description of the Parties.**

Plaintiff is an individual who incurred a debt with Capital One Bank (USA), N.A. (Capital One).  (Am. Compl. ¶ 6.) Messerli is a law firm that was retained to collect Plaintiff's delinquent account.  (Zwilling Decl. ¶ 4.)

## II.   Factual Narrative.

Plaintiff incurred a debt with Capital One.  (Am. Compl. ¶ 6.)  Plaintiff retained counsel[1] with regard to the Capital One debt.  (Am. Compl. ¶ 10.)  Plaintiff's counsel "sent Capital One letters of representation dated June 10, 2011 and July 27, 2011."  (*Id.*)  Messerli received Plaintiff's delinquent Capital One account on January 16, 2012.  (Zwilling Decl. ¶ 5, Ex. 1.)  Absent from the information received on January 16, 2012, was any notice that Plaintiff was represented with respect to her delinquent Capital One account.  (*Id.*)[2]  On January 17, 2012, Messerli mailed Plaintiff a letter.  (Am. Compl. ¶ 11.)  Plaintiff asserts that Messerli's January 17, 2012, letter violated 15 U.S.C. § 1692c(a)(2).  (*Id.*)

On February 6, 2012, Messerli received a letter from Plaintiff dated February 2, 2012.  (Zwilling Decl. ¶ 6, Ex. 2.)  Messerli mailed its response on February 7, 2012, to Plaintiff.  (Zwilling Decl. ¶ 7, Ex. 3.)  As a result of this correspondence, Plaintiff asserts Messerli "did not take steps to investigate the identity and/or communicate with Plaintiff's legal counsel, in violation of § 1692c(a)(2)." (Am. Compl. ¶ 13.)

On January 18, 2012, and January 24, 2012, Plaintiff and Messerli communicated via telephone.  (Zwilling Decl. ¶ 8, Ex. 4.)  The recordings demonstrate that Plaintiff never informed Messerli that she "was represented by an attorney" or that Messerli told Plaintiff, "I don't want to hear about your attorney."  (Zwilling Decl. Ex. 4.)

---

[1] The Macey, Aleman, Hyslip, & Searns firm is not licensed to practice law in Minnesota. Both the Illinois and Minnesota Attorneys General have ordered the Macey firm to cease operations. http://www.startribune.com/printarticle/?id=180071731.

[2] Exhibit 1 to Jennifer Zwilling's Declaration depicts all the information provided to Messerli when Messerli received Plaintiff's delinquent Capital One account in its office.

2

Accordingly, the recordings also demonstrate that Messerli did not cut Plaintiff off or talk over Plaintiff when "she attempted to advise [Messerli] that she was represented by an attorney" or that Messerli demanded payment from a party it knew had counsel.  (*Id.*)  Plaintiff asserts the January 18, 2012, and January 24, 2012, communications violated § 1692c(a)(2) and § 1692f.  (Am. Compl. ¶ 17.)

## ARGUMENT

### I. Legal Standard.

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  When considering a motion for summary judgment, any inferences to be drawn from the facts must be viewed in the light most favorable to the non-moving party.  *Id.*  The moving party holds the initial burden of demonstrating the absence of a disputed issue of material fact.  *Id.* at 323.

Once the moving party has carried its burden, the non-moving party must do more than simply show there is some metaphysical doubt as to the material facts.  *Matsushita v. Zenith*, 475 U.S. 574, 586 (1986).  The non-moving party must produce more than a mere scintilla of evidence to successfully oppose summary judgment.  *Id.*  A fact is material for purposes of summary judgment only if it might affect outcome of case under governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  There are no genuine issues of material fact and this case is ripe for summary judgment.

## II.      Messerli's January 17, 2012, and February 7, 2012, Letters were Lawful.

### A.      The Letters were Lawful because Messerli did not have Actual Knowledge of Plaintiff's Representation.

The FDCPA states:

(a) COMMUNICATION WITH THE CONSUMER GENERALLY. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt . . . .

(2)    if the debt collector knows the consumer is represented by an attorney with respect to such a debt and has knowledge of, or can readily ascertain, such attorney's name and address . . . .

15 U.S.C. § 1692c(a)(2) (2006).  Creditor conduct and activity is not regulated by the FDCPA.  *Randolph v. I.M.B.S., Inc.*, 368 F.3d 726, 729 (7th Cir. 2004).  A creditor's actual knowledge that a debtor is represented by legal counsel is not imputed to a debt collector.  *Schmitt v. FMA Alliance*, 398 F.3d 995, 997-98 (8th Cir. 2005).

In *Schmitt*, a debtor's attorney notified a creditor on two occasions that he represented the debtor.  *Id.* at 996.  After receiving the attorney's second notice, the creditor transferred the debtor's account to a debt collector.  *Id.*  The debt collector then mailed a letter directly to the debtor regarding the debt.  *Id.*  The debtor filed an FDCPA complaint alleging a § 1692c(a)(2) violation that Judge Ericksen dismissed on the debt collector's Rule 12(b)(6) motion.  *Id.* at 996-97.  The Eighth Circuit affirmed the district court's ruling, holding a debt collector must have actual knowledge of a debtor's representation, and the debtor failed to plead the same.  *Id.* at 997.

4

Plaintiff's counsel apprised Capital One of its legal representation of Plaintiff on June 10, 2011, and July 27, 2011.  The evidence shows, however, Capital One did not provide any information to Messerli that Plaintiff was represented by legal counsel.  After receipt of Plaintiff's delinquent account from Capital One on January 16, 2012, Messerli sent Plaintiff the January 17, 2012, and February 7, 2012, letters.  Because Capital One did not inform Messerli that Plaintiff was represented by legal counsel, Messerli did not have actual knowledge of Plaintiff's representation before it sent the letters.  Therefore, Messerli did not violate § 1692c(a)(2) when it sent the January 17, 2012, and February 7, 2012, letters to Plaintiff.

> **B.     Messerli's February 7, 2012, Letter was Lawful because Messerli was not Required to Investigate the Identity of, or Communicate with, Plaintiff's "Legal Counsel."**

The FDCPA states, "a debt collector may not communicate with a consumer in connection with the collection of any debt . . . . if the debt collector . . . can readily ascertain, such attorney's name and address . . . ." § 1692c(a)(2).  The FDCPA does not require a debt collector to investigate the identity of, or communicate with, unknown, unnamed counsel of a debtor.  The FDCPA requires only that a debt collector cease communication with a debtor if it "knows" or "can readily ascertain, such attorney's name and address."

Messerli did not have actual knowledge of representation and could not readily ascertain the name and address of Plaintiff's legal counsel based on the content of Plaintiff's February 2, 2012, letter.  Although Plaintiff's February 2, 2012, letter contained the words "legal counsel," it did not inform Messerli that Plaintiff was

5

580792.1

represented with respect to the Capital One debt or enable Messerli to ascertain Plaintiff's legal counsel's name and address.

Messerli did not violate § 1692c(a)(2) under these facts for at least four reasons. First, Plaintiff's letter contains statements such as "provide me," "explain [to] me," and "show me," which indicates she wanted communication directed to her personally. Second, Plaintiff's letter threatens legal action in the event her demands were not met and states Plaintiff "will consult with [her] legal counsel for suit," which indicates Plaintiff had legal counsel for FCRA, FDCPA, and defamation suits, but not for Capital One's claim against Plaintiff. Third, Plaintiff's letter requests that "all future communications . . . MUST be . . . sent to the address noted in this letter by USPS," which is Plaintiff's mailing address and suggests she was acting *pro se*. Fourth, and most important, absent from Plaintiff's detailed letter is a statement that she was represented with respect to her Capital One debt or the name and address of any attorney. Nothing in Plaintiff's February 2, 2012, letter informed Messerli that she was represented by counsel or enabled Messerli to readily ascertain Plaintiff's counsel's name and address. Thus, Messerli did not violate § 1692c(a)(2).

**III.   Messerli's January 18, 2012, and January 24, 2012, Phone Calls were Lawful.**

    **A.   Messerli did not have Actual Knowledge of Plaintiff's Legal Representation, nor was Messerli Informed of any Legal Representation, during the January 18, 2012, or January 24, 2012, Phone Calls.**

As demonstrated by the evidence, Messerli did not have actual knowledge that Plaintiff was represented by legal counsel when the January 18, 2012, and January 24,

6

2012, phone calls occurred.  Further, as the evidence demonstrates, Plaintiff did not inform Messerli during either phone conversation that she was represented by legal counsel.  Instead, Plaintiff informed Messerli that she was "working with debt consolidation" and "working with debt relief people."  Thus, any continued demands for payment during the phone conversations did not violate § 1692c(a)(2).

> **B.  Messerli did not Employ Unfair or Unconscionable Means to Collect the Debt during the January 18, 2012, or January 24, 2012, Phone Calls.**

The FDCPA provides, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  § 1692f.  Examples of unfair and unconscionable means include, collecting "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law," "depositing or threatening to deposit any postdated check . . . prior to the date on such check," or "communicating with a consumer regarding a debt by post card."  *Id.*

Courts have narrowly construed § 1692f to include violations where a debt collector: (1) overstated interest charges; (2) kept garnished wages without first obtaining a judgment as required by law; and (3) filed a time-barred suit.  *Duffy v. Landberg*, 215 F.3d 871, 875 (2000); *Campion v. Credit Bureau Servs., Inc.*, No. CS-99-0199-EFS, 2000 U.S. Dist. LEXIS 20233, at *40 (E.D. Wash. Sept. 19, 2000); *Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480, 1487 (M.D. Ala. 1987).

For convenience, in addition to the audio recordings, the following are transcripts of the phone calls.

7

The January 18 phone call:

**Plaintiff**: Hello?
**Messerli**: Yea, is Rebecca around?
**Plaintiff**: I'm sorry?
**Messerli**: I said is Rebecca around?
**Plaintiff**: Yea, this is.
**Messerli**: Yea, this is Chris calling from Messerli & Kramer, the law firm for Capital One. We're calling to see if we are going to be able to resolve this voluntarily.
**Plaintiff**: This was all turned over and I was working with a debt consolidation.
**Messerli**: Well, obviously they did not do a very good job because it ended up in our office.
**Plaintiff**: Well, I guess I will have to contact them to see what is going on.
**Messerli**: So, you want me to let the attorneys know you are not interested in resolving this voluntarily then?
**Plaintiff**: Not right at the moment. How much is owing?
**Messerli**: Right now it is $3554.19.
**Plaintiff**: And that's the total?
**Messerli**: Um hum.
**Plaintiff**: Ok. I'll have to get a hold of them. What's your number?
**Messerli**: 877
**Plaintiff**: Um hum.
**Messerli**: 577
**Plaintiff**: Um hum.
**Messerli**: 5601
**Plaintiff**: K!

The January 24 phone call:

**Plaintiff**: Hello?
**Messerli**: Yea, is Rebecca around?
**Plaintiff**: Yep, this is.
**Messerli**: Yea, this is Chris calling from Messerli & Kramer, the law firm for Capital One. We're calling to see if we are going to be able to resolve this voluntarily.
**Plaintiff**: Ah, nope. I'm going to keep working with my debt relief people.
**Messerli**: Well, they are not calling anybody to resolve this.
**Plaintiff**: Yep, I know.
**Messerli**: They are not relieving your debt. They are just taking your money.
**Plaintiff**: I've talked to them about it.

8

> **Messerli**: Well, they haven't called us and we're the ones they need to call.
> **Plaintiff**: Yep, well, they will be.
> **Messerli**: They haven't. They've had eight days since we spoke last week. And they haven't called.
> **Plaintiff**: Right.
> **Messerli**: It kinda sounds like to me they are not doing anything about this. Isn't that what it would sound like to you? They've had eight days to call.
> **Plaintiff**: Umm, yea well, they are working on other debts first. So. And that's how it works.
> **Messerli**: We're not going to be waiting around for that. This is set to be reviewed for suit in February.
> **Plaintiff**: All right well.
> **Messerli**: It doesn't sound like you care. So is that basically what I should tell the . . . .
> **Plaintiff**: Well, I do care. What do you want me to do about it? Pull the money out of my *** or what?
> **Messerli**: Pay your, pay your bill.
> **Plaintiff**: Where would you like me to get the money from?
> **Messerli**: That's up to you. It's your bill.
> **Plaintiff**: Yea, well, I don't have the money. So, I can't obviously pay it.
> **Messerli**: Okay, what are you doing to try to come up with it?
> **Plaintiff**: Can you tell me what business it is of yours?
> **Messerli**: Yea, because you owe the client we represent $3554, that's why it's our business.
> **Plaintiff**: Okay, well I was unemployed for two years and I just got a job, so I am trying to work so I can pay off my bills. There was nothing I could do about being unemployed.
> **Messerli**: You have a job, but you are not paying your bills.

First, the recordings demonstrate Plaintiff's allegations are false. Plaintiff never attempted to advise Messerli that she was represented by an attorney. Messerli did not state, "I don't want to hear about your attorney." And, accordingly, Messerli did not cut off or talk over Plaintiff "when she attempted to advise [Messerli] she was represented by an attorney" or continue to demand payment from a party Messerli knew to be represented.

9

580792.1

Second, the recordings demonstrate that Messeril's conduct does not fall within or near any of the violations contemplated by § 1692f. The calls demonstrate that Messerli's conduct is not akin to overstating interest, keeping garnished funds without first obtaining judgment as required by law, or filing a time-barred lawsuit. Cutting off and/or talking over a consumer is not a violation of § 1692f. Accordingly, Messerli did not violate § 1692f as a matter of law.

## CONCLUSION

Messerli is entitled to summary judgment because its written and verbal communications with Plaintiff did not constitute impermissible communications with a represented party or unconscionable or unfair methods to collect a debt. Thus, Messerli respectfully requests that the Court grant summary judgment on all claims.

**MESSERLI & KRAMER, P.A.**

Dated: June 5, 2013.

By: s/ Jennifer Zwilling
Derrick N. Weber, #241623
Jennifer Zwilling, #389153
3033 Campus Drive, Suite 250
Plymouth, MN 55441
Telephone: (763) 548-7900
Facsimile: (763) 548-7922
dweber@messerlikramer.com
jzwilling@messerlikramer.com
ATTORNEYS FOR DEFENDANT

10