UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 12-CV-2050 (DWF/JJG)

Rebecca Taufen,

        Plaintiff,

vs.

Messerli & Kramer, P.A.,

        Defendant.

SUPPLEMENTAL MEMORANDUM OF DEFENDANT IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

## INTRODUCTION

Messerli submits this Supplemental Memorandum in support of its Motion for Summary Judgment pursuant to the Court's October 7, 2013, Order. Messerli is entitled to summary judgment on the claims in Plaintiff's Second Amended Complaint because Messerli represented Capital One, did not communicate with a ceased or represented party, and properly identified itself when communicating with Plaintiff.

## ARGUMENT

**I.  Plaintiff did not Cease Messerli or Refuse to Pay.**

Plaintiff alleged Messerli violated § 1692c(a)(2), § 1692c(c), and § 1692e when Messerli sent a letter to Plaintiff stating "its client was Capital One when in fact" Messerli "was not retained by Capital One but instead was hired by NCO."[1] (2d Am. Compl. ¶ 13.) Further, Plaintiff alleged Messerli violated § 1692c(c) when it "attempted

---

[1] Messerli rests on its arguments in its Memorandum and Reply Memorandum for Summary Judgment, its Response Memorandum Opposing Plaintiff's Motion to Amend the Amended Complaint, and the affidavits in support thereof regarding Plaintiff's § 1692c(a)(2) and § 1692e claims. (Docs. 24, 28, 42, 40, 41, 44, 45.)

to collect the alleged debt during telephone communications with Plaintiff . . . ." (2d Am. Compl. ¶ 20.) Section 1692c(c) provides, "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt . . . ."

A plain reading of § 1692c(c) demonstrates Messerli did not violate the section by representing its client was Capital One even though it may have been hired through a third party. And, Plaintiff never ceased Messerli or refused to pay. (Pl. Dep. 55:9-15, Ex. B.) Thus, Messerli is entitled to summary judgment.

## II.   Messerli Complied with § 1692e(11) in its Telephone Communication with Plaintiff.

Section 1692e(11) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
. . . .
(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

The FDCPA "requires only that a [n]otice be 'sent' by a debt collector." *Carpenter v. RJM Acquisitions, LLC*, 787 F. Supp. 2d 971, 974 (D. Minn. 2011) (Doty, J.). Service is effective upon mailing. *See Meckel v. Cont'l Res. Co.*, 758 F.2d 811, 817 (2d Cir. 1985) (holding that properly mailed computer-generated notices can be presumed received).

2

When interpreting § 1692e(11), the court asks whether the communication was sufficient to communicate to the unsophisticated consumer that the communication was from a debt collector. *Volden v. Innovative Fin. Sys., Inc.*, 440 F.3d 947, 955 (8th Cir. 2006); *Ross v. Commercial Fin. Servs., Inc.*, 31 F. Supp. 2d 1077, 1079-80 (N.D. Ill. 1999). A § 1692e(11) disclosure need not quote the statute verbatim. *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 26 (2d Cir. 1989) (holding disclosure need not quote the statutory language); *Sandlin v. Shapiro & Fishman*, 919 F. Supp. 1564, 1568 (M.D. Fla. 1996) (holding there is no need to quote § 1692e(11) verbatim).

The test is one of "effective conveyance." *Volden*, 440 F.3d at 955 (holding failure of a letter to explicitly state that it was from a debt collector was not a violation of § 1692e(11) because the contents of the letter effectively conveyed that the communication was from a debt collector). "It is well-settled that courts may properly make the objective determination whether language effectively conveys a notice of rights to the least sophisticated debtor." *Savage v. Hatcher*, 109 F. App'x 759, 762 (6th Cir. 2004).

In *Bank v. Cooper, Paroff, Cooper & Cook*, a debtor received two letters, a five-day demand notice and a thirty-day validation letter, from a debt collector during the same time period. No. 08-CV-3936, 2009 U.S. Dist. LEXIS 47544, at *9-10 (E.D.N.Y. May 27, 2009), *aff'd*, 356 F. App'x 509 (2d Cir. 2009). The five-day demand notice "failed to disclose that the communication was from a debt collector." *Id.* at *10. The thirty-day validation letter "contained the required disclosures that a debt collector was attempting to collect a debt and that any information obtained would be used for that purpose." *Id.*

3

The district court held, "[t]he least sophisticated consumer would understand the five-day demand notice to have been from a debt collector." *Id.* at *11.  The Second Circuit affirmed holding, "the least sophisticated consumer would understand that the rent demand notice, which bore the same date as the debt validation letter, was from the same law firm, and demanded the same sum, was from a debt collector." *Bank*, 356 F. App'x at 512.

Messerli's telephone communication in conjunction with its January 17, 2012, letter effectively conveys to a least sophisticated consumer that the communication was from a debt collector.  The January 17, 2012, letter identified Messerli as the law firm that represents Capital One for Plaintiff's unpaid Capital One account.  The letter also states it is from a debt collector and is an attempt to collect the debt.  The following day, and on January 24, 2012, Messerli called Plaintiff stating, "[T]his is Chris calling from Messerli & Kramer, the law firm for Capital One. We're calling to see if we are going to be able to resolve this voluntarily."  A least sophisticated consumer would understand that Messerli was a debt collector.

Similarly, Messerli's letter and telephone communication effectively conveyed to Plaintiff that Messerli was a debt collector.  Plaintiff testified that she received the January 17, 2012, letter before the first telephone communication:

> Q:  What was your reaction to Exhibit F?
> A:  Well, obviously I needed to figure out what to do.  A little scared. Freaked out.
> Q:  Did you do anything in response to it then?
> A:  No.  I think - - well, I think the next thing I got a call, like right away also.

4

580792.1

(Pl. Dep. 84:14-19, Ex. F.)  Further, Plaintiff's immediate responses indicate Messerli effectively conveyed it was debt collector.  Plaintiff responded, "This was all turned over and I was working with a *debt consolidation*," and "Ah, nope. I'm going to keep working with my *debt relief people*."[2]  Thus, Messerli effectively conveyed it was a debt collector and respectfully requests that the Court grant summary judgment on all claims.

                                         **MESSERLI & KRAMER, P.A.**

Dated: November 12, 2013.                By:<u>s/ Jennifer Zwilling</u>
                                              Derrick N. Weber, #241623
                                              Jennifer Zwilling, #389153
                                              3033 Campus Drive, Suite 250
                                              Plymouth, MN 55441
                                              Telephone: (763) 548-7900
                                              Facsimile: (763) 548-7922
                                              <u>dweber@messerlikramer.com</u>
                                              <u>jzwilling@messerlikramer.com</u>
                                              ATTORNEYS FOR DEFENDANT

---

[2] Plaintiff also testified that she knew of Messerli for thirty years.
    Q:  When was the first time you have ever heard of or learned of Messerli & Kramer?
    A:  Years and years ago.  I used to be a legal assistant, so I knew of the firm.
    Q:  What kind of legal assistant were you?
    A:  Collections.
    Q:  Okay.  And when you say years and years ago, can you give me
    A:  Oh, probably 30.
(Pl. Dep. 6:11-19.)

580792.1