# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# COURT FILE NO.: 12-CV-2050 (DWF/JJG)

Rebecca Taufen,

    Plaintiff,

vs.

Messerli & Kramer P.A.,

    Defendant.

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

Defendant Messerli & Kramer P.A. (Messerli) submits this Memorandum in Opposition to Plaintiff's Motion for Summary Judgment. Plaintiff failed to meet her burden of establishing her claims, or in the alternative, created a genuine issue of material fact as to whether Plaintiff received the January 17, 2012, letter before the January 18, 2012, telephone call. Accordingly, Messerli respectfully requests that Plaintiff's Motion be denied.

## STATEMENT OF FACTS

Plaintiff is an individual who incurred a debt with Capital One. (Doc. 56-1 at 21:11-12.) Messerli is a law firm that was retained to collect Plaintiff's delinquent account on behalf of its client, Capital One Bank (USA), N.A. (Capital One). (Doc. 28 ¶ 4.)

On January 17, 2012, Messerli, on behalf of Capital One, mailed a letter to Plaintiff. (Doc. 60-1 at 6.) The letter stated, "Messerli & Kramer P.A.," "This law firm represents Capital One Bank (USA), N.A. Your unpaid account . . . has been turned

over to our office for collection," and, "This communication is from a debt collector and is an attempt to collect a debt. Any information will be used for that purpose." (*Id.*) Plaintiff read the letter, understood its contents, and then received a telephone call from Messerli on January 18, 2012. (Doc. 56-1 at 60:20-24, 84:14-19; Doc. 60-1 at 6.) A transcription of the call is as follows:

> **Plaintiff:** Hello?
> **Messerli:** Yeah, is Rebecca around?
> **Plaintiff:** I'm sorry?
> **Messerli:** I said is Rebecca around?
> **Plaintiff:** Yeah, this is.
> **Messerli:** Yeah this is Chris calling from Messerli & Kramer, the law firm for Capital One. We're calling to see if we are going to be able to resolve this voluntarily.
> **Plaintiff:** This was all turned over and I was working with a debt consolidation.
> **Messerli:** Well, obviously they did not do a very good job because it ended up in our office.
> **Plaintiff:** Well, I guess I will have to contact them to see what is going on.
> **Messerli:** So, you want me to let the attorneys know that you are not interested in resolving this voluntarily then?
> **Plaintiff:** Not right at the moment, How much is owing?
> **Messerli:** Right now it is $3554.19.
> **Plaintiff:** And that's the total?
> **Messerli:** Um Hum.
> **Plaintiff:** Ok. I'll have to get a hold of them. What's your number?
> **Messerli:** 877
> **Plaintiff:** Uh Hum.
> **Messerli:** 577
> **Plaintiff:** Um Hum.
> **Messerli:** 5601
> **Plaintiff:** K.

(Doc. 28-4.)

Thereafter, on January 24, 2012, Messerli called Plaintiff again. (Doc. 28 ¶ 8.) A transcription of the call is as follows:

**Plaintiff:** Hello?
**Messerli:** Yeah, is Rebecca around?
**Plaintiff:** Yep, this is.
**Messerli:** Yeah, this is Chris calling from Messerli & Kramer, the law firm for Capital One. We're calling to see if we are going to be able to resolve this voluntarily.
**Plaintiff:** Ah, nope. I'm going to keep working with my debt relief people.
**Messerli:** Well, they are not calling anybody to resolve this.
**Plaintiff:** Yep, I know.
**Messerli:** They are not relieving your debt. They are just taking your money.
**Plaintiff:** I've talked to them about it.
**Messerli:** Well, they haven't called us and we're the ones they need to call.
**Plaintiff:** Yep, well, they will be.
**Messerli:** They haven't. They've had eight days since we spoke last week. And they haven't called.
**Plaintiff:** Right.
**Messerli:** It kinda sounds like to me they are not doing anything about this. Isn't that what it would sound like to you? They've had eight days to call.
**Plaintiff:** Umm, yeah well, they are working on other debts first. So. And. That's how it works.
**Messerli:** We're not going to be waiting around for that. This is set to be reviewed for suit in February.
**Plaintiff:** All right well.
**Messerli:** It doesn't sound like you care. So is this basically what I should tell the . . . .
**Plaintiff:** Well I do care. What do you want me to do about it? Pull the money out of my *** or what?
**Messerli:** Pay your bill, pay your bill.
**Plaintiff:** Where would you like me to get the money from?
**Messerli:** That's up to you. It's your bill.
**Plaintiff:** Yeah, well, I don't have the money. So, I can't obviously pay it.
**Messerli:** Okay, what are you doing to come up with it?
**Plaintiff:** Can you tell me what business it is of yours?
**Messerli:** Yeah because you owe the client we represent $3554, that's why it's our business.
**Plaintiff:** Okay, well I was unemployed for two years and I Just got a job, so I am trying to work so I can pay off my bills. There was nothing I could do about being unemployed.
**Messerli:** You have a job but you are not paying your bills.

(Doc. 28-4.)

Contrary to Plaintiff's allegation, Messerli's communication complies with 15 U.S.C. § 1692e(11). In the alternative, a genuine issue of material fact exists that precludes summary judgment in favor of Plaintiff.

**ARGUMENT**

**I.     Legal Standard.**

Summary judgment is inappropriate when genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When considering a motion for summary judgment, any inferences to be drawn from the facts must be viewed in the light most favorable to the non-moving party. *Id.* The moving party holds the initial burden of demonstrating the absence of a disputed issue of material fact. *Id.* at 323. Summary judgment may not be granted "unless the movant established his right to a judgment with such clarity as to leave no room for controversy and that other party is not entitled to recover under any discernable circumstances." *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F. 2d 207, 209 (8th Cir. 1976). A fact is material for purposes of summary judgment only if it might affect outcome of case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**II.    The Least Sophisticated Consumer Standard.**

When deciding whether a communication between a debtor and debt collector is false, misleading or deceptive, the court will view the communication through the eyes of the least sophisticated consumer. *Duffey v. Landberg,* 215 F.3d 871, 874 (8th Cir. 2000). The least sophisticated consumer standard protects the consumer who is uninformed, naïve, or trusting, yet it admits an objective element of reasonableness. *Id.* However, the

objective element of reasonableness protects debt collectors from liability for unrealistic or peculiar interpretations of the FDCPA. *Id.* Put another way, the least sophisticated consumer standard is designed to protect consumers of below average intelligence without having the standard tied to the very last rung on the sophistication ladder. *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (citing *Duffey*, 215 F.3d at 874).

**III.  Plaintiff Received the January 17, 2012, Letter before the January 18, 2012, Telephone Call.**

>15 U.S.C. § 1692e(11) (2006) provides:
>
>A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>. . . .
>(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

Plaintiff argues, contrary to her deposition testimony, that Messerli's January 18, 2012, telephone call to Plaintiff was the initial communication between the parties. Plaintiff testified, however, that she received the January 17, 2012, letter and then the January 18, 2012, telephone call:

>**Q**: What was your reaction to Exhibit F?
>**A**: Well, obviously I needed to figure out what to do. A little scared. Freaked out.
>**Q**: Did you do anything in response to it then?

> **A**: No. I think - - well, I think the next thing I got a call, like right away also.

(Doc. 60-1 at 84:14-19.) The January 17, 2012, letter stated, "This communication is from a debt collector and is an attempt to collect a debt. Any information will be used for that purpose." Thus, Messerli complied with § 1692e(11) by providing the mandated disclosures in its initial communication.

Alternatively, Plaintiff has not met her burden of establishing that the January 18, 2012, telephone call was the initial communication between the parties. Plaintiff misconstrues and exaggerates her testimony. Plaintiff never testified that she "was unaware that [Messerli was] acting to collect on her debt" or "did not know [Messerli was] a debt collector." Further, Plaintiff contradicts her own testimony. Plaintiff testified she knew of Messerli:

> **Q**: When was the first time you have ever heard of or learned of Messerli & Kramer?
> **A**: Years and years ago. I used to be a legal assistant, so I knew of the firm.
> **Q**: What kind of legal assistant were you?
> **A**: Collections.
> **Q**: Okay. And when you say years and years ago, can you give me
> **A**: Oh, probably 30.

(Doc. 60-1 at 6:11-19.)

Plaintiff's expectation of future contact between Plaintiff and Messerli does not prove when Plaintiff received the January 17, 2012, letter. Plaintiff may have received the letter, read and understood its contents, yet still not have expected contact by telephone. The January 17, 2012, letter is silent with regard to future communication. Consequently, Plaintiff's allegation that she was not expecting to be contacted by

6

> **A**: No. I think - - well, I think the next thing I got a call, like right away also.

(Doc. 60-1 at 84:14-19.) The January 17, 2012, letter stated, "This communication is from a debt collector and is an attempt to collect a debt. Any information will be used for that purpose." Thus, Messerli complied with § 1692e(11) by providing the mandated disclosures in its initial communication.

Alternatively, Plaintiff has not met her burden of establishing that the January 18, 2012, telephone call was the initial communication between the parties. Plaintiff misconstrues and exaggerates her testimony. Plaintiff never testified that she "was unaware that [Messerli was] acting to collect on her debt" or "did not know [Messerli was] a debt collector." Further, Plaintiff contradicts her own testimony. Plaintiff testified she knew of Messerli:

> **Q**: When was the first time you have ever heard of or learned of Messerli & Kramer?
> **A**: Years and years ago. I used to be a legal assistant, so I knew of the firm.
> **Q**: What kind of legal assistant were you?
> **A**: Collections.
> **Q**: Okay. And when you say years and years ago, can you give me
> **A**: Oh, probably 30.

(Doc. 60-1 at 6:11-19.)

Plaintiff's expectation of future contact between Plaintiff and Messerli does not prove when Plaintiff received the January 17, 2012, letter. Plaintiff may have received the letter, read and understood its contents, yet still not have expected contact by telephone. The January 17, 2012, letter is silent with regard to future communication. Consequently, Plaintiff's allegation that she was not expecting to be contacted by

6

584713.1

Messerli is insufficient to establish the January 18, 2012, telephone call was the initial communication between the parties.

In sum, Plaintiff admittedly received the January 17, 2012, letter before the January 18, 2012, telephone call. Plaintiff's attempt to construe her testimony otherwise only creates an issue of material fact. Thus, Plaintiff is not entitled to summary judgment.

**IV.  Messerli Effectively Conveyed the § 1692e(11) Disclosure in its Telephone Communication with Plaintiff.**

The FDCPA "requires only that a [n]otice be 'sent' by a debt collector." *Carpenter v. RJM Acquisitions, LLC*, 787 F. Supp. 2d 971, 974 (D. Minn. 2011) (Doty, J.). Service is effective upon mailing. *See Meckel v. Cont'l Res. Co.*, 758 F.2d 811, 817 (2d Cir. 1985) (holding that properly mailed computer-generated notices can be presumed received).

When interpreting § 1692e(11), the court asks whether the communication was sufficient to communicate to the least sophisticated consumer that the communication was from a debt collector. *Volden v. Innovative Fin. Sys., Inc.*, 440 F.3d 947, 955 (8th Cir. 2006); *Ross v. Commercial Fin. Servs., Inc.*, 31 F. Supp. 2d 1077, 1079-80 (N.D. Ill. 1999). A § 1692e(11) disclosure need not quote the statute verbatim. *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 26 (2d Cir. 1989) (holding disclosure need not quote the statutory language); *Sandlin v. Shapiro & Fishman*, 919 F. Supp. 1564, 1568 (M.D. Fla. 1996) (holding there is no need to quote § 1692e(11) verbatim).

The test is one of "effective conveyance." *Volden*, 440 F.3d at 955 (holding failure of a letter to explicitly state that it was from a debt collector was not a violation of § 1692e(11) because the contents of the letter effectively conveyed that the communication was from a debt collector). "It is well-settled that courts may properly make the objective determination whether language effectively conveys a notice of rights to the least sophisticated debtor." *Savage v. Hatcher*, 109 F. App'x 759, 762 (6th Cir. 2004).

In *Bank v. Cooper, Paroff, Cooper & Cook*, a debtor received two letters, a five-day demand notice and a thirty-day validation letter, from a debt collector during the same time period. No. 08-CV-3936, 2009 U.S. Dist. LEXIS 47544, at *9-10 (E.D.N.Y. May 27, 2009), *aff'd*, 356 F. App'x 509 (2d Cir. 2009). The five-day demand notice "failed to disclose that the communication was from a debt collector." *Id.* at *10. The thirty-day validation letter "contained the required disclosures that a debt collector was attempting to collect a debt and that any information obtained would be used for that purpose." *Id.*

The district court held, "[t]he least sophisticated consumer would understand the five-day demand notice to have been from a debt collector." *Id.* at *11. The Second Circuit affirmed holding, "the least sophisticated consumer would understand that the rent demand notice, which bore the same date as the debt validation letter, was from the same law firm, and demanded the same sum, was from a debt collector." *Bank*, 356 F. App'x at 512.

Messerli's telephone communication, especially in conjunction with its January 17, 2012, letter effectively conveys to a least sophisticated consumer that the

8

communication was from a debt collector. The January 17, 2012, letter identified Messerli as the law firm that represents Capital One for Plaintiff's unpaid Capital One account. The letter also states it is from a debt collector and is an attempt to collect the debt. The following day, and on January 24, 2012, Messerli called Plaintiff stating, "[T]his is Chris calling from Messerli & Kramer, the law firm for Capital One. We're calling to see if we are going to be able to resolve this voluntarily." The communication also detailed the amount of the debt and requested that it be repaid. The least sophisticated consumer would understand that Messerli was a debt collector.

Similarly, Messerli's telephone communication effectively conveyed to Plaintiff that Messerli was a debt collector. Plaintiff's immediate responses indicate Messerli effectively conveyed it was debt collector. Plaintiff responded, "This was all turned over and I was working with a *debt consolidation*," and "Ah, nope. I'm going to keep working with my *debt relief people*." Plaintiff also requested the amount of the debt as well as informed Messerli that she was unable to repay it.

Additionally, the cases cited by Plaintiff are distinguishable, and nonetheless, not binding on this Court. The facts in the cases cited by Plaintiff are that a debt collector either only left the individual caller's name or only the name of the individual's employer. *E.g.*, *Gryzbowski v. I.C. Sys.*, 691 F. Supp. 2d 618, 620, 625 (M.D. Pa. 2010) (holding violation of § 1692e(11) when "callers disclosed their individual names, but did not state that they were an employee of [Defendant] or disclose [Defendant's] name [and when] the caller disclosed Defendant's name, but did not disclose their individual names."); *Drossin v. Nat'l Action Fin. Servs.*, 641 F. Supp. 2d 1314, 1316 (S.D. Fla.

2009) (holding voicemail disclosing only the name of the company is insufficient to satisfy § 1692e(11)); *Masciarelli v. Richard J. Boudreau & Assocs., LLC*, 529 F. Supp. 2d 183, 184 n.1, 185 (D. Mass. 2007) (holding voicemail disclosing only the name of the caller is insufficient to satisfy § 1692e(11)); *Leyse v. Corporate Collection Servs.*, No. 03 Civ. 8491, 2006 U.S. Dist. LEXIS 67719, at *15 (S.D.N.Y. Sept. 18, 2006) (holding messages did not mention anything pertaining to debt collection).

Unlike the facts in the abovementioned cases, Messerli provided the name of the caller, provided Messerli's name, stated it was a law firm representing the creditor to whom the debt was owed, and inquired how Plaintiff wanted to resolve the debt. Further, the remainder of the communication detailed the amount of the debt and requested that Plaintiff pay her bill. Recognizing that the call was from a debt collector, Plaintiff acknowledged her debt, mentioned that she was working with a debt consolidation company, and stated she was unable to pay the debt.

In sum, resolving all inferences in favor of Messerli, Messerli effectively conveyed that it was a debt collector in its telephone communication. Plaintiff understood, and the least sophisticated consumer would have understood, that Messerli was a debt collector.

## **CONCLUSION**

Messerli has shown that Plaintiff is not entitled to summary judgment because Messerli complied with § 1692e(11) in its communication with Plaintiff. Alternatively, genuine issues of material fact remain regarding the initial communication. Thus,

10

584713.1

Messerli requests that Plaintiff's Motion for Summary Judgment be denied.

**MESSERLI & KRAMER, P.A.**

Dated: November 14, 2013.  By:s/ Jennifer Zwilling
Derrick N. Weber, #241623
Jennifer M. Zwilling, #389153
3033 Campus Drive, Suite 250
Plymouth, MN 55441
Telephone: (763) 548-7900
Facsimile: (763) 548-7922
dweber@messerlikramer.com
jzwilling@messerlikramer.com
**ATTORNEYS FOR DEFENDANT**